1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ISIAH LUCAS, JR.,                          No.  2:13-cv-00317 JAM JFM (PC)

12              Plaintiff,

13      v.                                       ORDER

14   C. ARTHUR, et al.,

15              Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

18   Plaintiff filed his original complaint in Solano County Superior Court.  This action was removed

19   by Defendants C. Arthur and G. Swarthout pursuant to 28 U.S.C. § 1441(b).  ECF No. 1.  This

20   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21         On February 19, 2013, defendants C. Arthur and G. Swarthout filed a waiver of reply and

22   request for screening order pursuant to 28 U.S.C. § 1915A(a).  ECF No. 2.

23         On March 11, 2013, plaintiff filed a motion to add defendants R.W. Cappel and Matthew

24   Cate to this case.  ECF No. 8.  On March 29, 2013, plaintiff filed proof of service on defendants

25   R.W. Cappel and Matthew Cate.  ECF No. 12.

26         The court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989); Franklin, 745 F.2d at 1227.

10       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

11  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

12  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

13  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

14  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

15  this standard, the court must accept as true the allegations of the complaint in question, Hospital

16  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

17  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

18  McKeithen, 395 U.S. 411, 421 (1969).

19       Plaintiff, a black inmate, was housed at California State Prison-Solano at the time the

20  allegations in his complaint took place.  ECF No. 1-1 at 7.  In his complaint, plaintiff alleges a

21  violation of his constitutional rights as a result of the entire black inmate population being placed

22  on lockdown on three separate occasions, notwithstanding the inmates' affiliations.  Plaintiff

23  alleges the following in his complaint regarding the three lockdowns.  On the morning of July 2,

24  2010, two gang-affiliated black inmates were charged with fighting.  Id. at 9.  As a result, the

25  entire yard was recalled by prison officials.  On the afternoon of July 2, 2010, affiliated black

26  inmates were again charged with fighting.  Id. at 10. This second altercation resulted in the yard

27  being recalled, and a lockdown of the black inmate population, including affiliated and

28  unaffiliated inmates except those classified as South Siders and Northern.  Id.  The lockdown

1  lasted for weeks.  Id.  When the lockdown was eventually terminated, the black inmate population

2  was kept on a modified program.  Id.  On September 25, 2010, affiliated black inmates were again

3  charged with fighting.  Id.  As a result the entire black inmate population, including all affiliated

4  and unaffiliated black inmates, was placed on lockdown for weeks.  Id.  On October 11, 2010, an

5  altercation between black and Asian inmates occurred.  Id.  As a result, all affiliated and

6  unaffiliated black inmates were placed on lockdown.  Id.  Plaintiff alleges that when Hispanic

7  inmates are involved in an altercation, they are placed on lockdown according to their affiliation,

8  unlike the black inmates.  Id. at 10, 15.

9       In his original complaint, plaintiff named C. Arthur, G. Swarthout, R.W. Cappel and

10  Matthew Cate as defendants.[1]  ECF No. 1-1 at 2.  However, plaintiff included no specific

11  charging allegations as to any of the defendants' involvement in the constitutional deprivation

12  alleged to be suffered by plaintiff.

13       The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

14  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

15  court has determined that the complaint does not contain a short and plain statement as required

16  by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

17  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

18  v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

19  least some degree of particularity overt acts which defendants engaged in that support plaintiff's

20  claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2),

21  the complaint must be dismissed.  The court will, however, grant leave to file an amended

22  complaint.

23

24  [1] The court notes that plaintiff named R.W. Cappel and Matthew Cate as defendants in the
original complaint, and served R.W. Cappel with process.  See ECF No. 12.  Therefore, plaintiff's

25  motion to add these two defendants is unnecessary.  Neither defendant has appeared in the action.
However, because the court finds plaintiff's complaint must be dismissed with leave to amend,

26  defendant R.W. Cappel will not be required to respond unless and until the court screens an
amended complaint and finds it states a cognizable claim against him.  With regard to service of

27  process on defendant Matthew Cate, the court will also address this in a more relevant order
following the court's screening of plaintiff's amended complaint.

28

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants C. Arthur and G. Swarthout's request for screening order (ECF No. 2) is granted;

2. Plaintiff's motion to add additional defendants (ECF No. 8) is denied;

3. Plaintiff's complaint is dismissed; and

4

1    4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

2  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

3  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

4  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

5  two copies of the amended complaint; failure to file an amended complaint in accordance with

6  this order will result in a recommendation that this action be dismissed.

7  DATED: August 13, 2013

8  _____

ALLISON CLAIRE

9  UNITED STATES MAGISTRATE JUDGE

13

luca0317.14.new

14

5